**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 23-31622-crm |
| CAIR HEATING AND COOLING, LLC, | ) | Chapter 7 |
| | ) | Hon. Charles R. Merrill |
| Debtor. | ) | |
| | ) | |
| | ) | |
| WM. STEPHEN REISZ, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. Pro. No. 25-03026-crm |
| | ) | |
| ROCKET CAPITAL NY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ANSWER TO COMPLAINT TO AVOID AND RECOVER PREFERENTIAL, FRAUDULENT, AND OTHER AVOIDABLE TRANSFERS UNDER 11 U.S.C. §§ 547, 548, 544 AND 550 AND KRS 378A.040 AND KRS.070 AND TO DISALLOW CLAIM UNDER 11 U.S.C. § 550 AND TO SUBORDINATE CLAIM UNDER 11 U.S.C. § 510(C)**

Rocket Capital NY, LLC ("Rocket"), by and through its undersigned counsel, for its Answer to Complaint to Avoid and Recover Preferential, Fraudulent and Other Avoidance Transfers Under 11 U.S.C. §§ 547, 548, 544 and 550 and KRS 378A.040 and KRS.070 and Disallow Claim Under 11 U.S.C. § 550 and to Subordinate Claim Under 11 U.S.C. § 510(C) states as follows:

## INTRODUCTION

1. Paragraph1 is a statement, not a factual allegation to which a response is required.

**THE PARTIES**

2. Admit.

3. Rocket admits it is a New York limited liability company with its principal office in Florida. Rocket denies all remaining allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4. Paragraph 4 consists of a legal conclusion to which no response is required.

5. Paragraph 5 consists of a legal conclusion to which no response is required. Pursuant to Fed. R. Bankr. P. 7008, Rocket states that it does not consent to entry of final orders or judgment on any non-core claims.

6. Paragraph 6 consists of a legal conclusion to which no response is required.

**RELEVANT FACTS**

7. Admit.

8. Rocket Admits that on or about May 1, 2023, the Debtor and Rocket entered into an agreement titled Agreement for the Purchase and Sale of Future Receivables and that a copy of the agreement it attached to its proof of claim that was filed in the case. Rocket denies all remaining allegations in Paragraph 8.

9. Rocket admits that it purchased $423,000 of future accounts from the Debtor for $300,000 but denies all remaining allegations in Paragraph 9.

10. Denied.

11. Rocket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Rocket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Rocket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Rocket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Rocket admits that between April 15, 2023 and July 14, 2023, the Debtor remitted some of the property it purchased from the Debtor to it and that such remittances were done via ACH withdrawal from a bank account. Rocket denies such remittances were payments and all remaining allegations in Paragraph 15.

16. Denied.

**CLAIMS FOR RELIEF**

**COUNT I**

**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

17. Rocket incorporates its answers to Paragraphs 1 through 16 as though fully set forth herein.

18. Denied.

19. Rocket admits the transfers were for its benefit but denies that it was a creditor at the time the transfers were made.

20. Admit.

21. Denied.

22. Rocket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Rocket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Denied.

**COUNT II**

**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

25. Rocket incorporates its answers to Paragraphs 1 through 24 as though fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

**COUNT III**

**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(A))**

29. Rocket incorporates its answer to Paragraphs 28 as though fully set forth herein.

30. Denied.

31. Denied.

**COUNT IV**

**(Avoidance of Transfers Under 11 U.S.C. §§544 and 550 and KRS 378A Kentucky Uniform Voidable Transactions Act)**

32. Rocket incorporates its answers to Paragraphs 1 through 31 as though fully set forth herein.

33. Denied.

34. Denied.

35. Denied.

**COUNT V**
**(Recovery of Avoided Transfers – 11 U.S.C. §550)**

36. Rocket incorporates its answers to Paragraphs 1 through 35 as though fully set forth herein.

37. Denied.

38. Admit, but states that the transfers are not avoidable.

39. Denied.

**COUNT VI**

**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

40. Rocket incorporates its answers to Paragraphs 1 through 39 as though fully set forth herein.

41. Denied.

42. Rocket admits it has not paid but denies it must do so and denies all remaining allegations in Paragraph 42.

43. Paragraph 43 is a purported statement of law or legal conclusion to which no response is required.

44. Paragraph 43 is a purported statement of law or legal conclusion to which no response is required, nevertheless Rocket denies the allegations in Paragraph 44.

**COUNT VII**

**(Subordination of Claim - 11 U.S.C. § 510(c))**

45. Rocket incorporates its answers to Paragraphs 1 through 39 as though fully set forth herein.

46. Admit.

47. Denied.

48. Denied.

49. Denied.

**PRAYER FOR RELIEF**

**WHEREFORE**, Rocket respectfully requests this Honorable Court dismiss the claims and/or enter judgment in its favor and grant such other and further relief as this Court deems just and proper considering the facts and circumstances of this case.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted. For example, there was no transfer of an interest of the Debtor in property because the transfers consisted of property that the Debtor sold to Rocket and already owned that the Debtor had no legal or equitable interest in when the transfers occurred

2. To the extent the Trustee can even prove all elements of the claim under 11 U.S.C. §547(b), the transfers are nevertheless unavoidable because they were made in the ordinary course of business or financial affairs of the Debtor and Rocket. *See* 11 U.S.C. §547(c)(2).

3. To the extent the Trustee can event prove all elements of the fraudulent conveyance claims, the transfers were made in good faith and for value. 11 U.S.C. §548(c).

Dated: September 15, 2025

KERRICK BACHERT PSC
1441 Scottsville Road
P.O. Box 9547
Bowling Green, KY 42102-9547
Telephone: (270) 782-8160
Facsimile: (270) 782-5856
Email: sbachert@kerricklaw.com

/s/Scott A. Bachert
SCOTT A. BACHERT

*and*

KAMINSKI LAW, PLLC
Shanna M. Kaminski
To be Admitted Pro Hac Vice
P.O. Box 247
Grass Lake, Michigan 49240
(248) 462-7111
skaminski@kaminskilawpllc.com